**William RICHTER, Plaintiff,**

v.

**FORTIS BENEFITS INSURANCE COMPANY, Defendant.**

**No. 97 931 WLB.**

United States District Court,
S.D. Illinois.

Sept. 16, 1998.

Mark Levy, Levy, Levy, et al., Edwardsville, IL, for plaintiff.

Clark H. Cole, Armstrong, Teasdale et al., St. Louis, MO, for defendant.

## ORDER

BEATTY, District Judge.

This matter is before the court on the Defendant's Motion for Summary Judgment, (Doc. 17). The Plaintiff has responded to this motion, and the court has heard oral arguments.

## FACTS AND BACKGROUND

The Plaintiff filed this action against the Defendant, Fortis Benefits Insurance Company, (Fortis), seeking to recover benefits from his ERISA governed employee disability plan which was established by the Plaintiff's former employer, Childrens's Home & Aid Society of Illinois. Benefits under the plan were denied based upon the following facts which are found in the record presented to the court for review: The Plaintiff was employed by the Children's Home & Aid Society of Illinois as a social worker/supervisor. In December, 1995, the Plaintiff applied for disability benefits under the Plan based on depression. In January, 1996, the Plaintiff's attending physician, Dr. Mark E. Freeman, filed a Fortis Attending Physician's Initial Statement of Disability, which stated that the Plaintiff's diagnosis was "Depression, moderate, recurrent." The Plaintiff's treatment program was stated to be medication and appointments every three months. The prognosis was "fair." The Plaintiff was notified in February, 1996 that he was entitled to disability benefits under Social Security.

The Clinical Review Specialist at Fortis requested additional information, including the Plaintiff's "psych" records. Additionally, the Review Specialist noted that the matter had to be reviewed by Clinical Services. An Income Replacement Specialist also reviewed the claim and requested medical records from the Plaintiff's attending physician. Medical records were received from Dr. Freeman in March, 1996.

Louise Sebesta, R.N., a Clinical Review Specialist for the Plan sent a letter to Dr. Freeman on April 12, 1996, in which she requested additional specific information. At the same time, Ms. Sebesta wrote a letter to Mr. Jorgenson, a Fortis Income Replacement Specialist, closing the file until more information was received from Dr. Freeman. On June 5, 1996, Dr. Freeman forwarded a handwritten response to the April, 1996 request. Dr. Freeman indicated in this correspondence that the Plaintiff was "improved" when last seen; that he was involved in an intensive weight control program; that he was not receiving psychotherapy, but was receiving supportive services at the doctor's visits; and that no psychological testing had been performed on the Plaintiff. The correspondence also indicated that the Plaintiff had a "moderate" degree of depression.

Included in the administrative record is a September 6, 1994 "Diagnostic Evaluation" of the Plaintiff by Dr. Freeman. This evaluation notes that the Plaintiff had a past history of obesity, but had recently

exhibited depressive symptoms; that the Plaintiff stated he had reported "excessive alcohol consumption without symptoms of dependence" and that the Plaintiff had experimented with various drugs, without dependance. The September 6, 1994 analysis also noted that the Plaintiff was "moderately obese in no acute distress" and appeared somewhat withdrawn. There was no finding of psychotic symptoms and Dr. Freeman indicated that the Plaintiff was coherent, and that his insight and judgment were intact. Dr. Freeman's impression was "depression, moderate, recurrent." He prescribed medication and requested the Plaintiff to return in three to four weeks for further evaluation.

On June 20, 1996, Ms. Sebesta prepared and filed another Clinical Services Summary. Her conclusion was:

> The (attending physician) refused to answer questions over the phone, and the information he does provide is conflicting. The treatment plan does not support limitations. There is no objective information in the file. He had more severe problems with depression two years ago, and was able to [return to work] ...

See, Administrative Record, at page 71.

An Income Replacement Specialist reviewed the Clinical Services Review on July 2, 1996, and recommended denial of the long term disability benefits. This recommendation was agreed to by a Disability Claims Supervisor and a Rehabilitation Supervisor. On July 9, 1996, The Income Replacement Specialist notified the Plaintiff that his request for benefits had been denied. In this letter, the Plaintiff was advised that he did not meet the Group Policy definition of disabled. The Plaintiff was further advised that copies of the Plaintiff's Medical Records were requested from his physician, and that the Plaintiff's records were reviewed to determine if the Plaintiff met the occupational test of disability. Based on the information received it was determined that the Plaintiff's condition was not severe enough to prevent him from performing his regular occupation. This letter also notified the Plaintiff of his right to appeal.

The Plaintiff submitted a letter of appeal which was received on September 6, 1996. The letter was from Dr. Freeman, and it stated that the Plaintiff "remains unable to function in a work setting. Concentration and decision making are poor. Interpersonal function is markedly impaired and he is unable to persevere on a task." Benefits were again denied. This denial indicated that additional objective medical information could be supplied to verify the Plaintiff's inability to perform his occupation. In November, 1996, Fortis sent another letter to the Plaintiff informing him that it had not received additional information and that the claim would be closed if no information was received within thirty days.

The Plaintiff filed another letter of appeal and submitted the Notice of Award from the Social Security Administration which granted him disability benefits. No further medical information was received.

Shortly after this submission, the Plaintiff filed suit in the Circuit Court of Madison County, Illinois. The action was removed to this court based on the provisions of ERISA.

## DISCUSSION

The Defendant filed this Motion for Summary Judgment, based on the record before the court of the previous decision of Fortis to deny benefits to the Plaintiff. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A fact is material only if it might affect the outcome of the case under the law governing that case.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

■ The court's review of a denial of benefits is limited to a deferential "arbitrary and capricious" standard if the plan confers power on the administrator to exercise discretion. *Firestone Tire & Rubber Co., v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In *Bruch*, the Supreme Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S.Ct. at 956–57. "Where a plan confers power on the administrator to exercise discretion, the appropriate standard of review is the deferential 'arbitrary and capricious' one. See *id.* at 111, 109 S.Ct. at 954–55; see also *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379–80 (7th Cir.1994)." *Mers v. Marriott Intern. Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014, 1019 (7th Cir. 1997), petition for certiorari filed, 67 USLW 3106 (July 31, 1998) (No. 98–209).

■ Thus, this court must first determine whether the Fortis plan in question confers the power on its administrator to exercise discretion in determining whether to award benefits. In making this determination, the court "review[s] the language of the plan de novo, just as [the court] would review the language of any contract. See *Bechtold v. Physicians Health Plans, Inc.*, 19 F.3d 322, 325 (7th Cir.1994)" *Id.* at 1019–20. The relevant portions of the Plan provide:

### Payment of Benefits

We will pay benefits at the end of each month (or shorter period) for which we are liable, after we receive the required proof.

. . . .

### Filing a Claim

. . . .

4. To decided our liability, we may require,

● proof of benefits from other sources, and

● proof that you have applied for all benefits from other sources, and that you have furnished any proof required to get them.

You must furnish whatever items we decide are necessary as proof of loss or to decide our liability. You must authorize the sources of medical and dental services to release your medical information. If you do not furnish any required information or authorize its release, we will not pay any benefits.

＊　　＊　　＊　　＊　　＊　　＊

● During the first 36 months of a period of disability (including the qualifying period), an injury, or sickness, or pregnancy requires that you be under the regular care and attendance of a doctor, and prevents you from performing at least one of the material duties of your regular occupation; and

● After 36 months of disability, and injury, sickness or pregnancy prevents you from performing at least on of the material duties of each gainful occupation for which your education, training, and experience qualifies you.

### Fortis Certificate of Group Insurance.

These provisions clearly confer discretion on the Plan Administrators. The proof of disability depends upon the items that Fortis requests from the person seeking benefits. Upon receipt of the items, it is Fortis that determines whether the items establish that proof. "No magic words are required to confer discretion. See *Donato*, 19 F.3d at 379." *Id.* at 1020. Accordingly, the court reviews Fortis' resolution of the Plaintiff's claim under the arbitrary and capricious standard of review.

■ On several occasions, Fortis requested information from the Plaintiff and the Plaintiff's physician. The information requested was either insufficient or incomplete. Further, there was no objective evidence that the Plaintiff could not function in his normal work. The record presented to the court establishes that Fortis thoroughly reviewed the Plaintiff's records and submissions, however, it determined that the information received did not support an award of disability benefits. Although the Plaintiff argues that the decision should not rest on the opinion of a registered nurse, as opposed to a physician, this argument does not overcome the undisputed facts that information was requested and not received, and that there is no objective medical information to support the Plaintiff's claim of disability. The decision to deny benefits did not rest only on Ms. Sebesta's review, rather, after Ms. Sebesta reviewed the file and made her recommendation, she submitted the file to other persons for review, who in turn, agreed with her decision. Based on the Plaintiff's submissions which were presented for the disability determination, Fortis' decision to deny benefits was not arbitrary nor capricious. The Plaintiff was advised of the information needed to supplement his claim and the procedures which he should take to appeal the decision. The submissions were reviewed and determined to insufficiently support the claim.

■ Under the arbitrary and capricious standard, it is not the court's function to decide whether it would have reached the same conclusion as the Plan. *Cvelbar v. CBI Ill. Inc.*, 106 F.3d 1368, 1379 (7th Cir.1997). The court's role is to determine whether the decision was completely unreasonable. *Chojnacki v. Georgia–Pacific Corp.*, 108 F.3d 810, 815 (7th Cir.1997); *Mers*, 144 F.3d at 1021.

## CONCLUSION

Based on the evidence presented through the administrative record submitted, the court finds that Fortis' decision to deny disability benefits to the Plaintiff was not arbitrary nor capricious. Accordingly, the Defendant's Motion for Summary Judgment, (Doc. 17) is granted.

IT IS SO ORDERED.